.UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL ALLEN EVANS | * | Civil Action No. |
| | * | |
| Plaintiff | * | |
| | * | Judge: |
| vs. | * | |
| | * | |
| ST. TAMMANY PARISH SHERIFF'S | * | Magistrate: |
| OFFICE AND SHERIFF, RANDY | * | |
| SMITH | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

**COMPLAINT FOR DAMAGES**
**UNDER 42 U.S.C. § 1983, ET SEQ**

**Comes now**, Plaintiff, Michael Allen Evans, a person of full age and majority and resident of the Parish of St. Tammany and with respect represents:

I.

Made defendants are the St. Tammany Parish Sheriff's Office and St. Tammany Parish Sheriff Randy Smith (collectively "STPSO"). Sheriff Randy Smith is vicariously responsible and liable for the policies, procedures, and implementation of all practices by employees, contractors and/or agents of the St. Tammany Parish Sheriff's Office.

II.

Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337, 1343(a), and, 1367(a); and, 42 U.S.C. §§ 1983, 1985, 1986, and 1988. This is a civil action for damages to redress STPSO's deprivation Michael Allen Evans' civil rights under the Eighth Amendment to the United States Constitution. Jurisdiction of this Court for any pendant state law claim is authorized by 28 U.S.C. § 1367.

Venue is proper in this judicial district.

III.

On or about April 19, 2016, Michael A. Evans was a pre-trial detainee at STPSO, after being incarcerated for illegally killing a squirrel on federal lands.

IV.

On or about April 19, 2016, Michael A. Evans presented to the STPSO Medical Department with an apparent infection to his back. Due to the seriousness of his condition, STPSO sent Michael Allen Evans to the University Medical Center, New Orleans, Louisiana, where multiple surgeries were performed on his back to evacuate and remove an extensive infection. Michael Allen Evans was returned to STPSO on April 26, 2016 after being hospitalized for seven days.

V.

When Michael Allen Evans was returned to STPSO on April 26, 2016, he was receiving treatment from a medical device called a "wound vacuum." In the discharge instructions from his treating physicians at University Medical Center, he was instructed, through STPSO, to return to the trauma clinic every Monday for wound checks.

VI.

When Michael Allen Evans was placed into the custody of STPSO deputies on April 26, 2016, the wound vacuum was removed in the University Medical Center parking lot, without any apparent medical decision making, and despite the fact that physicians at the University Medical Center deemed the wound vacuum to be medically necessary for the treatment of Michael Allen Evans' large, open wound. The removal of the wound vacuum was based on an arbitrary decision, and/or an arbitrary and/or

burdensome rule or regulation. The enforcement of the regulation was not justified given the serious medical condition Plaintiff suffered from when he was returned to the custody of STPSO on April 26, 2016.

VII.

Contrary to the discharge instructions provided by the University Medical Center, Michael Allen Evans was not taken for a follow-up evaluation at the trauma clinic every Monday as instructed by the treating physicians at University Medical Center when he was discharged on April 26, 2017. In fact, Michael Allen Evans was not seen in the trauma clinic until almost one month later, May 23, 2016.

VIII.

As the result of these acts and omissions, the wound site on Michael Allen Evans' remained open and continued to drain. As a result, Michael Allen Evans sustained personal injuries, damages and needs plastic surgery to correct the condition of the skin on his back.

IX.

The infection to Plaintiff's back that necessitated his transfer to the University Medical Center was a serious medical condition, requiring three procedures. The serious medical condition of his open wound continued after his return to STPSO on April 26, 2016. Prison officials responsible for Michael Allen Evans' care were aware that his condition presented a serious risk of harm, and his condition was disregarded by prison officials despite their knowledge of the substantial risk of harm during his post-surgery care. Prison officials, including nurses and doctors interfered with the modalities of treatment prescribed by other physicians, such that their actions and

inactions constitute a deliberate indifference to the rights guaranteed Michael Allen Evans under the Eighth Amendment as a pre-trial detainee of STPSO. Plaintiff was ultimately released from STPSO on May 27, 2016 because STPSO could not provide appropriate medical care and/or refused to incur the expense for appropriate care.

X.

The actions of STPSO, through prison officials, including nurses and doctors, constitutes deliberate conduct that deprived Michael Allen Evans of his Eight Amendment rights to humane conditions of confinement and caused him physical injury, giving rise to an award for damages and punitive damages under the aforementioned statutes.

XI.

Plaintiff prays for and is entitled to attorney's fees as provided by the aforementioned statutes.

XII.

Plaintiff prays for and is entitled to a trial by jury on all issues.

**WHEREFORE**, Plaintiff, Michael Allen Evans, prays that this his Complaint be deemed good and sufficient, and that citation and summons be issued to the St. Tammany Parish Sheriff's Office, and Sheriff Randy Smith, and after due proceedings, and after a trial by jury, that there be a Judgment for damages entered herein in favor of Plaintiff and against the St. Tammany Parish Sheriff's Office, and Sheriff Randy Smith, *in solido*, for all damages and punitive damages, for the deliberate deprivation of Plaintiff's Eighth Amendment rights as a pre-trial detainee, for all reasonable attorney's fees incurred in the prosecution of this action, interest on all damages, the costs of

these proceedings, and all other equitable and general relief as may be fitting and proper in the circumstances.

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

*/s/ D. Russell Holwadel*
**D. RUSSELL HOLWADEL, T.A. (#16975)**
**HEATHER ENGLAND REZNIK (#29175)**
**PHILLIP J. REW (#25843)**
400 Poydras Street, Suite 2450
New Orleans, Louisiana 70130
Telephone: (504) 581-2606
Facsimile: (504) 525-1488
Email: drh@ahhelaw.com
her@ahhelaw.com
pjr@ahhelaw.com

And

**CLINT L. PIERSON, JR. (#10997)**
5100 Village Walk, Suite 101
Covington, Louisiana 70433
Telephone: (985)809-1577
Fax: (985)892-1246
Email: clint@clpjrlaw.net

***Attorneys for Plaintiff, Michael A. Evans***